*E-Filed *

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BEN FURTH, an individual, | CASE NO. C 11-00071 DMR |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO AMEND COMPLAINT** |
| FREDERICK FURTH, an individual, and DOES 1-100, inclusively, | |
| Defendants. | |
| _____/ | |

I. INTRODUCTION

Plaintiff Ben Furth seeks leave to amend his complaint, which was filed in this Court on January 7, 2011. Plaintiff's proposed amended complaint adds one additional defendant and four additional claims for relief. After carefully considering the parties' briefings, submissions and oral arguments, the Court grants Plaintiff's motion to amend the complaint.

## II. BACKGROUND

Plaintiff filed his original complaint against Frederick Furth and Does 1-100, alleging breach of contract and declaratory relief.  After Defendant answered the complaint on January 27, 2010, Plaintiff requested leave to file a first amended complaint to add Furth, Fahrner & Mason, The Furth Firm LLP and Zelle Hofman Voelbel & Mason LLP ("Zelle") as defendants, and to add claims for relief for breach of implied covenant of good faith and fair dealing, constructive fraud, breach of fiduciary duty, tortuous interference with contract and violation of California Business & Professions Code section 17200.  Defendant opposes the motion, maintaining that it was brought in bad faith and that adding Zelle would destroy diversity.  In his reply, Plaintiff submitted a revised first amended complaint which removed Furth, Fahrner & Mason and Zelle as additional defendants and removed tortuous interference with contract as an additional claim.  Therefore, Plaintiff seeks now only to add The Furth Law Firm LLP and the remaining four additional claims for relief to his original complaint.

## III. LEGAL STANDARD

Once a responsive pleading has been filed, a party may amend a pleading with leave from the court.  Fed. R. Civ. P. 15(a).  "The court should freely give leave when justice so requires."  *Id*. Leave to amend is left to the discretion of the trial court, and amendments are typically granted with "extreme liberality" in the absence of undue prejudice to the opposing party.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citing *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981)); *see also Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  In addition to undue prejudice to the opposing party, leave to amend may also be denied if it is requested in bad faith, would cause undue delay or is futile.  *See DCD Programs, Ltd.*, 833 F.2d at 186 (internal citations omitted).  "The party opposing amendment bears the burden of showing prejudice."  *Id*. at 187 (internal citations omitted).

## IV. DISCUSSION

Defendant opposes the motion on the grounds that adding Zelle as a defendant would be futile, in that it would destroy diversity jurisdiction, and that the amendment is made in bad faith. As to the latter, Defendant maintains that the amendment was brought in bad faith to: (1) force

2

settlement by threatening tort damages in a purely contractual dispute, (2) compromise the attorney-client privilege between himself and Zelle, (3) attain "deep pockets" from Zelle, and (4) allege tort claims, such as "fraud," notwithstanding the inability to allege each of the required elements. Defendant does not argue that the amendment would cause undue delay, nor does he suggest that the addition of The Furth Law Firm LLP would have any effect on diversity jurisdiction.

The vast majority of Defendant's argument, however, has been rendered moot by the fact that Plaintiff revised his proposed first amended complaint to remove Zelle as a defendant. In other words, without the addition of Zelle, there is no dispute over diversity jurisdiction, the integrity of any attorney-client relationship or the motive of seeking "deep pockets." The remainder of Defendant's argument is unpersuasive because it hinges on the merits of Plaintiff's new claims, without addressing the factors of an FRCP Rule 15(a) motion. While the merits of Plaintiff's claims, the resolution of factual disputes and the degree of injury suffered remain to be determined, at this stage the only issue is whether the proposed amended complaint is proper under FRCP Rule 15(a). *See Phoenix Solutions, Inc. v. Sony Electronics, Inc.*, 637 F.Supp.2d 683, 692 (N.D. Cal. 2009) (the permissibility of amendment and the merits of a claim are separate issues). Moreover, Defendant never argues that the amended complaint alleges any new facts, but instead simply states in conclusory fashion that Plaintiff's decision to now include an additional defendant and additional claims for relief is in bad faith. To defeat a motion to amend, however, he must do more. *See DCD Programs, Ltd.*, 833 F.2d at 186 ("[The] liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties.").

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion to file a first amended complaint is granted. At oral argument, the Court deemed the first amended complaint to be filed and served as of April 28, 2011, and defense counsel accepted service for Defendant and on behalf of The Furth Firm LLC. Plaintiff is directed to file with the clerk a copy of the first amended complaint, which is attached as Exhibit A to the Declaration of Frank A. Cialone in support of Plaintiff's reply. *See* Docket No. 22. Defendants shall file a responsive pleading to the first amended complaint within 21 days of the date of service. Additionally, newly added Defendant The Furth Firm LLC shall file, within 21 days of

the date of service, a consent or declination to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

IT IS SO ORDERED.

Dated: 4/29/11

DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE